**06 CV 13262**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor, :
United States Department of Labor,
: Civil Action
           Plaintiff,
v. : File No.
:
ACE CAR CARE, INC., A Corporation; COMPLAINT
TAIWON KIM, Individually, and as President, :

           Defendants. :

------------------------------------------------------------

JUDGE BAER

FILED NOV 16 2006 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II

Defendant ACE CAR CARE, INC. is a Corporation duly organized under the laws of the State of New York having its principal place of business at 3329 Conner Street, Bronx, New York within the jurisdiction of this court, where defendant is engaged in the car wash business.

III

Defendant corporation regulates the employment of all persons it employs, acts directly and indirectly in the corporation's interest in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

IV

Defendant TAIWON KIM who does business at 3329 Conner Street, Bronx, New York

within the jurisdiction of this court, is in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

V

Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

VI

Defendants in many workweeks have violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and prejudgment interest on the unpaid overtime compensation under section 17 of the Act.

VII

Defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as

prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

VIII

Defendants since June 9, 2004 have violated the provisions of the Act as alleged above. WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)    For an injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendant, from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)    For an injunction issued pursuant to section 17 of the Act restraining defendants, their agents, employees, and those persons in active concert or participation with them from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(3)    For an order awarding plaintiff the costs, fees and other expenses of this action; and

(4)     For an order granting such other and further relief as may be necessary and appropriate.

DATED:     November 9, 2006
           New York, New York

/S/Howard M. Radzely
HOWARD M. RADZELY
Solicitor of Labor

/S/Patricia M. Rodenhausen
PATRICIA M. RODENHAUSEN
Regional Solicitor

/S/Douglas Weiner
DOUGLAS WEINER
Senior Trial Attorney
U.S. Department of Labor,
Attorneys for Plaintiff.